NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2010
Decided November 18, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 10-1164

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 950-2 |
| SALVADOR VACA, *Defendant-Appellant*. | Blanche M. Manning, *Judge*. |

**O R D E R**

Salvador Vaca brokered a deal for his coconspirator to purchase five kilograms of cocaine from government informants. He later pleaded guilty to conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and the district court sentenced him to the statutory minimum of 120 months' imprisonment. Vaca's appointed counsel on appeal has filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), contending that any challenge to Vaca's sentence would be frivolous. Vaca has not accepted our invitation to respond to counsel's motion, *see* CIR R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Vaca does not challenge his conviction or seek to withdraw his guilty plea, counsel correctly forgoes discussion of challenges to the voluntariness of the plea or the adequacy of the plea colloquy.  *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel first considers whether Vaca could challenge the reasonableness of his sentence.  We agree with counsel that any such challenge would be frivolous.  The district court properly assessed Vaca's guidelines range as 120-135 months' imprisonment (based on an offense level of 32 for distributing 5-15 kilograms of cocaine, a 3-level decrease for acceptance of responsibility, a criminal history category of III, and a statutory minimum of 120 months.)  A sentence that is within the guidelines range is presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 350-51 (2007), and counsel identifies no possible challenge to disturb the presumption.

Counsel next assesses whether the district court adequately considered the sentencing factors under 18 U.S.C. § 3553(a), but properly concludes that any such challenge would be frivolous.  The court's evaluation of the § 3553(a) factors noted that brokering a deal for cocaine was a serious offense and that Vaca's prior convictions were not merely isolated and aberrant incidents.  The court also noted Vaca's significant substance-abuse history, his education, and the hardship his incarceration will present for his daughters.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.